# LUCAS COUNTY COMMON PLEAS COURT
CORNER ADAMS & ERIE STREETS
TOLEDO, OHIO 43604
## SUMMONS
## CIVIL ACTION
**FILING TYPE:**         **OTHER TORT**

FEDERAL INSURANCE CO
CO CT CORP SYSTEM
4400 EASTON COMMONS WAY SUITE 125
COLUMBUS, OH 43219

G-4801-CI-0201703813-000
JUDGE: LINDA J JENNINGS

You have the right to seek legal counsel. If you cannot afford a lawyer, you may contact the Legal Services of Northwest Ohio. If you do not qualify for services by the Legal Services of Northwest Ohio and do not know an attorney you may contact the Toledo Bar Association's Lawyer Referral Service (419) 242-2000.

You have been named as a defendant in a Complaint filed in this Court by the plaintiff named below. A copy of the Complaint is attached to this Summons.

You are hereby summoned and required to serve upon the plaintiff's attorney, or upon the plaintiff, if he has no attorney of record, a copy of an answer to the complaint, within twenty-eight (28) days after you receive this Summons, exclusive of the of the day of service or to an amended complaint within the remaining response time to the complaint or 14 days, whichever period may be longer. Your answer must be filed with the Clerk of Court of Common Pleas within three (3) days after the service of a copy of the Answer on the plaintiff's attorney.

If you fail to serve and file your Answer, judgment by default will be rendered against you for the relief demanded in the Complaint.

| PLAINTIFF (S) | ATTORNEY FOR PLAINTIFF(S) |
|---|---|
| LORETTA L THOMAS<br>1527 VANCE ST<br>TOLEDO, OH 43607 | MICHAEL D. PORTNOY<br>1070 COMMERCE DRIVE<br>STE. 205<br>PERRYSBURG, OH 43551 |

BERNIE QUILTER
CLERK OF COURTS

Date: August 22, 2017

_/s/ Bernie Quilter_ , Clerk



# IF YOU DO NOT HIRE AN ATTORNEY
## PLEASE READ & RESPOND
(mark one & respond)

☐ I request to be notified by email

OR

☐ I request to be notified by regular mail
*(Clerk will forward to Court for approval)*

My email address _____

My mailing address _____

**Send email to:** Lwatt@co.lucas.oh.us
**Subject:** G-4801-CI-0201703813-000
FEDERAL INSURANCE CO
**Message:** Your email address

**Return this Form with your address to:**
Clerk of Court
Lucas County Common Pleas Court
700 Adams
Toledo, OH 43604

## If you do NOT hire an attorney & fail to respond you will NOT receive notification of events related to this case

Case Information is available Online at:
www.co.lucas.oh.us/Clerk
click on the "Dockets Online" link

*Local Rule 5.05 H. SERVICE BY CLERK'S OFFICE Once journalized, the Clerk of courts Office will transmit the entries to the email address submitted by the parties. Counsel for a party or Pro Se litigant representing themselves who do not have an email address may, by motion, request ordinary mail service of entries by the Clerk of Courts Office.*

G-4801-CI-0201703813-000   FEDERAL INSURANCE CO   Generated: August 22, 2017

IN THE COURT OF COMMON PLEAS, LUCAS COUNTY, OHIO

FILED

2017 AUG 21 P 12: 28

COMMON PLEAS COURT
BERNIE QUILTER
CLERK OF COURTS

Loretta L. Thomas
1527 Vance St.
Toledo, Ohio 43607,

    Plaintiff,

vs.

Federal Insurance Co.
C/O CT. Corp System
4400 Easton Commons Way
Ste. 125
Columbus, Ohio 43219

    Defendant.

Case No.

G-4801-CI-0201703813-000

Judge
LINDA J. JENNINGS

**COMPLAINT WITH JURY DEMAND ENDORSED HEREON**

Michael D. Portnoy (0040213)
810 West South Boundary Rd.
Perrysburg, Ohio 43551
PH: (419) 874-2775
FX: (419) 874-2777
email: hawkport@aol.com
Attorney for Plaintiff

*************************************************************************************************

NOW COMES the Plaintiff, Loretta L. Thomas, through her attorney, and hereby bring this cause of action against the Defendant and states as follows:

1. At all relevant times, Loretta L. Thomas (hereinafter Plaintiff) is a resident of Toledo, Ohio.

2. At all relevant times, Defendant Federal Insurance Company (hereinafter "Federal") is an insurance company licensed to do business in the State of Ohio.

3. At all relevant times, Cynthia Kay Alexander was a resident of Indiana, was Plaintiff's daughter and purchased an accidental death policy from Federal in Indiana, policy number 99074410, naming Plaintiff as the beneficiary.

1

4. Venue is proper in this Court due to the cause of action arising in Toledo, Ohio.

5. This policy had a loss of life benefit amount of $300,000.00 and an alternate benefit amount for additional benefit, education expense of $2,000.00.

6. On October 16, 2015 Ms. Alexander passed away suddenly. As a result, Plaintiff filed a claim for the benefits noted in paragraph three (3) of the complaint.

7. From October, 2015 through January, 2017 Federal's third party administrator, Broadspire, administered this claim and continually requested information from Plaintiff for which Plaintiff complied.

8. Finally on January 12, 2017, Broadspire, through its agent Greg Jadick, sent a letter to Plaintiff denying payment on this insurance claim. On page two (2) of this letter, Mr. Jadick stated in part:

"Based on the levels of the medications in her system and the fact that she (Ms. Alexander) had refilled several of these medications the day before her death, it appears that the medications were not being taken as directed by her physician. Therefore, Ms. Alexander's death does not meet the policy criteria of an **Accident**... In addition, the policy's **Intoxication and Narcotic Exclusions** are applicable. Therefore we must respectfully decline to issue payment for your claim." (See January 12, 2017 letter attached as Plaintiff's Exhibit one (1)

9. On March 20, 2017 the undersigned sent a letter of representation to Greg Jadick requesting he provide all evidence and the names of all medical specialists used by Broadspire and Chubb to conclude Ms. Alexander was not taking medications as prescribed by her treating medical providers.

10. The only document provided by Mr. Jadick was the toxicology report that indicated Ms. Alexander had high levels of narcotic medication in her system, however, Federal offered no proof Ms. Alexander illegally obtained or misused the medically prescribed medication.

11. In fact Briana Diver, senior claims representative for Federal, admitted Federal never claimed Ms. Alexander abused any narcotic medication or illegally obtained the narcotic medication against her treating medical providers' strict instructions.

12. On April 13, 2017 the undersigned faxed an April 12, 2017 report to Briana Diver, authored by Thomas Sozio, D.O., Board Certified Forensic Pathologist for the State of Indiana. This report criticized Chubb's exclusive use of the toxicology report as the only basis for refusing to pay Ms. Thomas her insurance proceeds.

13. On April 21, 2017 Federal, through Broadspire, reversed its decision to deny payment of the insurance proceeds and paid the $302,000.00 to Plaintiff.

14. On June 1, 2017, Ms. Diver admitted no one from Federal saw Dr. Sozio's April 12, 2017 report prior to reversing its decision to deny payment of the insurance proceeds to Plaintiff. Apparently, the only basis for Federal to pay Plaintiff the insurance proceeds was strictly due to Plaintiff obtaining a lawyer to recover these insurance proceeds.

15. Federal has acted in bad faith in denying the Plaintiff's claim, and is subject to punitive damages pursuant to **Zoppo v. Homestead Insurance Co.,** 71 Ohio St. 3d. 552 (1994).

## COUNT ONE

16. Plaintiff incorporate paragraphs one (1) through fifteen (15) as if fully rewritten herein.

17. Federal was required to act in good faith in processing the claim, had not done so, and acted willfully and wantonly when denying payment of the claim.

18. As a result of the Federal acting in bad faith by not processing the insurance claim, Plaintiff has been damaged in an amount exceeding $10,000.00.

## COUNT TWO

19. Plaintiff incorporates paragraphs one (1) through eighteen (18) as if fully written herein.

20. Because Federal failed to exercise good faith in processing the claim of plaintiff's and because Federal's refusal to pay the claim is not predicated upon circumstances that furnish reasonable justification, pursuant to **Zoppo v. Homestead Insurance Co.,** 71 Ohio St. 3d. 552 (1994), Plaintiff is entitled to punitive damages against Chubb based upon the willful, wanton and malicious acts by Chubb to deny Plaintiff's legitimate insurance claim.

WHEREFORE, Plaintiff respectfully requests this honorable Court empanel a jury for all triable issues in this case and further request a judgment against Chubb as follows:

A. As to Count One, an amount exceeding $10,000.00;

B. As to Count Two, an amount exceeding $50,000.00;

C. For any and all other relief this Court deems just.

Respectfully submitted

_____
Michael D. Portnoy
Attorney for the Plaintiff.

This insurance does not apply to any **Accident, Accidental Bodily Injury** or loss caused by or resulting from, directly or indirectly, a **Covered Person** being intoxicated, as defined by the laws of the jurisdiction where the loss occurred, or under the influence of any narcotic unless taken on the advice of a **Physician** an d used in accordance with the prescription.

We regret that our decision in regards to this claim could not have been more favorable. Should you have any other information which you feel we should consider, please let us know immediately.

The coverage analysis outlined in this letter is not meant to be exhaustive. The policy includes additional provisions which may be applicable to the question of coverage. By limiting the policy references outlined above, Federal Insurance Company does not waive any other Policy provision. The insurance policy in its entirety is incorporated by reference as if set forth in full herein.

If you have any questions, please contact me at the number listed below.

Yours very truly,


Greg Jadick ARM, AU
Sr. Claims Analyst
Crawford & Company
Affinity Operations
84 NE Loop 410 Suite # 325
San Antonio TX 78216
phone: 607.205.7634
fax: 770-777-6183
email: Greg.Jadick@us.crawco.com
web: www.crawfordandcompany.com